# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN D. IZAGUIRRE-GUERRERO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI MENDOTA,<br><br>Respondent. | Case No. 1:23-cv-00845-EPG-HC<br><br>ORDER DIRECTING RESPONDENT TO FILE COPY OF PETITIONER'S PURPORTED FINAL ORDER OF REMOVAL |

Petitioner Norman D. Izaguirre-Guerrero is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a Federal Bureau of Prisons' policy of refusing to allow prisoners with immigration detainers to earn and/or apply First Step Act ("FSA") time credits ("FTCs"). (ECF No. 1.)

Respondent has moved to dismiss the petition, arguing, *inter alia*, that "Petitioner's FSA ETC claim must be jurisdictionally dismissed for lack of constitutional standing and failure to state a claim under law" because "BOP, Department of Homeland Security, and Immigration and Customs Enforcement (ICE) records indicate Petitioner has a 'final order of removal'." (ECF No. 13 at 2.)[1] Although Respondent has attached a copy of the Department of Homeland Security ("DHS") Immigration Detainer – Notice of Action, which indicates a "final order of

///

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

removal" has been issued against Petitioner, (ECF No. 13-1 at 10), Respondent has not provided the Court with a copy of the final order of removal itself.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty (30) days of the date of this order, Respondent SHALL FILE a copy of Petitioner's purported final order of removal. <u>See</u> Rule 7(a), Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") ("If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition.").[3]

2. Within fourteen (14) days of the filing of the copy of the final order of removal, Petitioner may file a response. <u>See</u> Habeas Rule 7(c) ("The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.").

IT IS SO ORDERED.

Dated: **December 20, 2023**        /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] The Court also notes that FCI Herlong has not received a copy of an actual order of removal and has relied on the representations made in the immigration detainer to determine whether Petitioner is eligible to apply FSA time credits. (ECF No. 13-1 at 3.)

[3] The Rules Governing Section 2254 Cases may apply to § 2241 habeas petitions. <u>See</u> Habeas Rule 1(b).