1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| NORMAN D. IZAGUIRRE-GUERRERO, | Case No. 1:23-cv-00845-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS IN PART AND DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| WARDEN, FCI MENDOTA, | |
| Respondent. | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| | (ECF No. 13) |

18   Petitioner Norman D. Izaguirre-Guerrero is a federal prisoner proceeding *pro se* with a

19 petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the

20 undersigned recommends granting Respondent's motion to dismiss in part and dismissing the

21 petition for writ of habeas corpus.

22

## I.

23

## BACKGROUND

24   In 2015, Petitioner was convicted in the United States District Court for the Northern

25 District of Iowa of conspiracy to distribute methamphetamine. On March 18, 2016, Petitioner

26 was sentenced to an imprisonment term of 150 months. (ECF No. 13 at 2.[1])

27

28 [1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1   In the instant petition for writ of habeas corpus, Petitioner challenges a Federal Bureau of

2   Prisons' ("BOP") policy of refusing to allow prisoners with immigration detainers to apply First

3   Step Act ("FSA") time credits ("FTCs" or "ETCs"). (ECF No. 1.) On October 19, 2023,

4   Respondent filed a motion to dismiss the petition, arguing that: (1) "Petitioner's FSA ETC claim

5   must be jurisdictionally dismissed for lack of constitutional standing and failure to state a claim

6   under law" because "BOP, Department of Homeland Security, and Immigration and Customs

7   Enforcement (ICE) records indicate Petitioner has a 'final order of removal'"; (2) "Petitioner

8   lacks statutory authority under § 2241 to compel BOP's FSA ETC discretionary (sentence end-

9   phase programming) action via declaratory and advisory opinions"; and (3) "Petitioner did not

10  administratively challenge any finding related to FSA ETC earning calculation determinations,

11  and/or ineligibility to apply FSA ETC sentence-offsets prior to filing the instant petition." (ECF

12  No. 13 at 2–4.)

13      As Respondent had not provided the Court with a copy of the final order of removal

14  itself, the Court ordered Respondent to file a copy of the purported final order of removal. (ECF

15  No. 14.) Respondent filed a copy of the final order of removal under seal. (ECF Nos. 15, 16, 18.)

16  On February 29, 2024, Petitioner filed an opposition to the motion to dismiss. (ECF No. 19.)

17                                      **II.**

18                                  **DISCUSSION**

19      **A.  First Step Act**

20      "On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194,

21  was enacted. The Act implemented a number of prison and sentencing reforms." Bottinelli v.

22  Salazar, 929 F.3d 1196, 1197 (9th Cir. 2019). Under the First Step Act, a "prisoner, except for an

23  ineligible prisoner under subparagraph (D), who successfully completes evidence-based

24  recidivism reduction programming or productive activities, shall earn time credits[.]" 18 U.S.C.

25  § 3632(d)(4)(A). "Time credits earned under this paragraph by prisoners who successfully

26  participate in recidivism reduction programs or productive activities shall be applied toward time

27  in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). However, a "prisoner is

28  ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final

1   order of removal under any provision of the immigration laws (as such term is defined in section

2   101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17)))." 18 U.S.C.

3   § 3632(d)(4)(E)(i).

4        **B.  District Court Authority**

5        Respondent contends that "Petitioner lacks statutory authority under § 2241 to compel

6   BOP's FSA ETC discretionary (sentence end-phase programming) action via declaratory and

7   advisory opinions," arguing that "Petitioner has failed to state a § 2241 claim" because "FSA

8   ETC discretionary actions, which involve, among other things, agency inmate evaluations and

9   assessment of available resources, are entrusted by law — such as inmate specific,

10  individualized, FSA ETC earning via EBRR and PA programming — to BOP discretionary

11  action." (ECF No. 13 at 3.)

12        Pursuant to 18 U.S.C.§ 3632(d)(4)(C), "[t]ime credits earned . . . by prisoners who

13  participate in recidivism reduction programs or productive activities *shall* be applied toward time

14  in prerelease custody or supervised release" and the Director of the BOP "*shall* transfer eligible

15  prisoners, as determined under section 3624(g), into prerelease custody or supervised release."

16  18 U.S.C. § 3632(d)(4)(C) (emphasis added). "The BOP is therefore required to apply time

17  credits to eligible prisoners who have earned them and cannot categorically make prisoners

18  ineligible for such credits in a manner that contravenes the statutory scheme set forth in 18

19  U.S.C. § 3632." <u>Sierra v. Jacquez</u>, No. 2:22-cv-01509-RSL-BAT, 2022 WL 18046701, at *4

20  (W.D. Wash. Dec. 27, 2022), <u>report and recommendation adopted</u>, 2023 WL 184225 (W.D.

21  Wash. Jan. 13, 2023). Given that application of FTCs to eligible prisoners who have earned them

22  is *required*, not discretionary, under U.S.C.§ 3632(d)(4)(C), the Court finds that dismissal is not

23  warranted on the ground that it lacks jurisdiction to compel BOP discretionary action with

24  respect to FTCs. <u>See</u> <u>Rodriguez v. Copenhaver</u>, 823 F.3d 1238, 1242 (9th Cir. 2016) ("Although

25  a district court has no jurisdiction over discretionary designation decisions, it does have

26  jurisdiction to decide whether the Bureau of Prisons acted contrary to established federal law,

27  violated the Constitution, or *exceeded its statutory authority* when it acted pursuant to 18 U.S.C.

28  § 3621." (emphasis added) (citing <u>Close v. Thomas</u>, 653 F.3d 970, 973–74 (9th Cir. 2011))).

1    **C.  Exhaustion**

2        "As a prudential matter, courts require that habeas petitioners exhaust all available

3    judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678

4    F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, because it is not a jurisdictional

5    prerequisite, exhaustion can be waived. Id. (citations omitted). "Exhaustion is not required if: (1)

6    administrative remedies would be futile; (2) the actions of the agency clearly and unambiguously

7    violate statutory or constitutional rights; or (3) the administrative procedure is clearly shown to

8    be inadequate to prevent irreparable injury." Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir.

9    1991).

10        The BOP grievance process is set forth at 28 C.F.R. § 542.10 *et seq.* "As a first step in

11   this process, an inmate normally must present his complaint informally to prison staff using a

12   BP–8 form." Nunez v. Duncan, 591 F.3d 1217, 1219 (9th Cir. 2010).  "If the informal complaint

13   does not resolve the dispute, the inmate may make an 'Administrative Remedy Request'

14   concerning the dispute to the prison Warden using a BP–9 form." Nunez, 591 F.3d 1219. "If the

15   Warden renders an adverse decision on the BP–9, the inmate may appeal to the Regional

16   Director using a BP–10 form." Nunez, 591 F.3d 1219. "The inmate may appeal an adverse

17   decision by the Regional Director to the Central Office (also called the General Counsel) of the

18   BOP using a BP–11 form." Nunez, 591 F.3d 1219. A final decision from the Office of General

19   Counsel completes the BOP's administrative remedy process. 28 C.F.R. § 542.15(a).

20        Here, it is undisputed that Petitioner failed to exhaust administrative remedies. Petitioner

21   contends that exhaustion is futile. (ECF No. 1 at 2, 7, 14–16.) The Court will waive the

22   exhaustion requirement in the instant matter. Given Respondent's determination that Petitioner is

23   "jurisdictionally and statutorily barred from FSA ETC sentence-offsets due to the final order of

24   removal," (ECF No. 13 at 3), the Court finds that pursuing administrative remedies would be

25   futile and thus, dismissal is not warranted for nonexhaustion.

26   **D.  Final Order of Removal**

27       A prisoner is ineligible to apply FTCs "if the prisoner is the subject of a final order of

28   removal under any provision of the immigration laws (as such term is defined in section

1  101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17)))." 18 U.S.C.

2  § 3632(d)(4)(E)(i). Here, Respondent contends that Petitioner is ineligible to apply FTCs because

3  he is the subject of a final order of removal. (ECF No. 13 at 3.) Respondent has filed a copy of a

4  decision by an immigration judge, dated February 10, 2006, concluding that Petitioner is

5  removable and ordering that Petitioner be removed to Honduras. (ECF No. 18.) Petitioner does

6  not appear to contest the existence of the February 10, 2006 order of removal or that a final order

7  of removal precludes the application of FTCs application towards prerelease custody or

8  supervised release. Rather, Petitioner argues that a final order of removal does not preclude the

9  application of FTCs towards his sentence and early release because "[n]o where in the entire

10  FSA statute bars application of FSA time credits towards a term of imprisonment and early

11  release of any prisoner other than those prisoners described in Subparagraph § 3632(d)(4)(D)."

12  (ECF No. 19 at 3–4.)

13      "[T]he doctrine of *expressio unius est exclusio alterius* . . . teaches that omissions are the

14  equivalent of exclusions when a statute affirmatively designates certain persons, things, or

15  manners of operation." <u>ARC Ecology v. U.S. Dep't of Air Force</u>, 411 F.3d 1092, 1099–100 (9th

16  Cir. 2005) (citing <u>Boudette v. Barnette</u>, 923 F.2d 754, 756–57 (9th Cir. 1991); <u>In re McLinn</u>, 744

17  F.2d 677, 683 (9th Cir. 1984)). Here, the First Step Act provides that "[t]ime credits earned . . .

18  by prisoners who participate in recidivism reduction programs or productive activities *shall* be

19  applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C)

20  (emphasis added). The statute only confers authority to apply time credits earned by prisoners

21  who participate in recidivism reduction programs or productive activities toward time in

22  prerelease custody or supervised release, and thus, withholds authority to apply time credits in a

23  different manner (*i.e.*, toward a term of imprisonment or early release). See <u>Setser v. United</u>

24  <u>States</u>, 566 U.S. 231, 238 (2012) ("The Latin maxim . . . *expressio unius est exclusio alterius* . . .

25  might have application here if the provision in question were a conferral of authority . . . . Giving

26  . . . authority in only specified circumstances could be said to imply that it is withheld in other

27  circumstances."); <u>United States v. Crane</u>, 979 F.2d 687, 691 (9th Cir. 1992) ("The maxim of

28  statutory construction, '*expressio unius est exclusio alterius*' provides that, '[w]hen a statute

1  limits a thing to be done in a particular mode, it includes the negative of any other mode.'"

2  (quoting Botany Worsted Mills v. United States, 278 U.S. 282, 289 (1929))).

3       "[I]n the deportation context, a 'final order of removal' is a final order 'concluding that

4  the alien is deportable or ordering deportation.'" Nasrallah v. Barr, 140 S. Ct. 1683, 1690 (2020)

5  (quoting 8 U.S.C. § 1101(a)(47)(A)). Here, the February 10, 2006 decision by the immigration

6  judge concludes that Petitioner is removable and orders that Petitioner be removed to Honduras.

7  (ECF No. 18.) Accordingly, the Court finds that Petitioner "is the subject of a final order of

8  removal" for purposes of 18 U.S.C. § 3632(d)(4)(E)(i), and thus, is ineligible to apply FTCs

9  toward time in prerelease custody or supervised release. Additionally, as set forth above, the

10 First Step Act does not authorize application of FTCs toward a term of imprisonment or early

11 release. Therefore, the Court finds that Petitioner fails to state a claim for habeas relief under 28

12 U.S.C. § 2241.

### III.

### RECOMMENDATION & ORDER

15       Based on the foregoing, the undersigned HEREBY RECOMMENDS that Respondents'

16 motion to dismiss (ECF No. 13) be GRANTED in part and the petition for writ of habeas corpus

17 be DISMISSED.

18       Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to

19 the present matter.

20       This Findings and Recommendation is submitted to the assigned United States District

21 Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

22 Rules of Practice for the United States District Court, Eastern District of California. Within

23 **THIRTY (30) days** after service of the Findings and Recommendation, any party may file

24 written objections with the court and serve a copy on all parties. Such a document should be

25 captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the

26 objections shall be served and filed within fourteen (14) days after service of the objections. The

27 assigned United States District Court Judge will then review the Magistrate Judge's ruling

28 pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within

1  the specified time may waive the right to appeal the District Court's order. Wilkerson v.

2  Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th

3  Cir. 1991)).

4

IT IS SO ORDERED.

5

6  Dated:   **March 28, 2024**              /s/ Erica P. Grosjean

7                                          UNITED STATES MAGISTRATE JUDGE